1  Richard Caruso
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 760-888-7418
3

4  Plaintiff In Pro Se

5

6

7

8         IN THE UNITED STATED DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10 RICHARD CARUSO,               ) Case No. 16CV0895 BAS RBB
11          Plaintiff,           ) VERIFIED COMPLAINT FOR DAMAGES
                                 )
12 vs.                           ) VIOLATIONS OF (TCPA) 47 U.S.C. §227 et. seq.
                                 ) VIOLATIONS OF (FDCPA) 15 U.S.C. §1692 et seq.
13 MERCHANTS CREDIT ASSOCIATION, ) VIOLATIONS OF (FCRA) 15 U.S.C. §1681 et seq.
   EQUIFAX INC.,                 ) VIOLATIONS OF (CCRAA) Civ Code §1785 et seq.
14 TRANS UNION LLC.,             ) VIOLATIONS OF (CRFDCPA) Civ. Code§1788 et seq.
   EXPERIAN INFORMATION SOLUTIONS ) VIOLATIONS OF U.S.C. §1666 et seq.
15 INC., Does 1-25,              )
                                 ) DEMAND FOR DECLARATORY RELIEF
16          Defendants.          ) DEMAND FOR JURY TRIAL
                                 )
17                               )
                      COMPLAINT
18      Plaintiff, RICHARD CARUSO, "In Pro Se" individually sues and alleges the

19 following against  MERCHANTS CREDIT ASSOCIATION, EQUIFAX INC.,

20 TRANS UNION LLC., EXPERIAN INFORMATION SOLUTIONS INC.

21 and DOES 1-25 (defendant's):

22        **I.    PRELIMINARY STATEMENT**

23      **1.**  This is an action for damages and injunctive relief brought by the plaintiff

24 against the defendant's for numerous strict statutory violations of the Telephone Consumer

25 Practices Act (TCPA) 47 U.S.C. §227 et seq., the Fair Debt Collection Practices Act

26 (FDCPA) 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681

27 et seq., the California Consumer Credit Reporting Agency Act (CCRAA) Civ. Code §1785

28 et seq., the California Rosenthal Fair Credit Reporting Act (CRFCRA) Civ. Code §1788

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   *COURT COPY*        PAGE 1

1 *et seq.,* and 15 U.S.C. §1666 *et seq.* [Correction of Billing Errors].

2    **2.**  Plaintiff contends that the defendant's have violated such laws by

3 repeatedly harassing the plaintiff in attempts to collect an alleged but nonexistent

4 consumer credit line debt or medical bill.

5

6 ## II. JURISDICTION AND VENUE

7    **3.**  Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3),

8 15 U.S.C.§1692(k)(d), supplemental jurisdiction exists for the state law claims

9 pursuant to 28 U.S.C.§1367,  and California Code of Civil Procedure §410.10.

10 Defendant's conduct business in the state of California and therefore personal

11 jurisdiction is established.

12    **4.**  Venue is proper pursuant to 28 U.S.C.§1391b and California Civil

13 Procedure §3959(a). Venue in this district is proper in that the plaintiff resides here,

14 the defendant transacts business here, and the conduct complained of occurred here.

15    **5.**  This is an action for damages which exceed  $50,000.00.

16 ## III. PARTIES

17    **6.**  Plaintiff , RICHARD CARUSO (hereinafter "CARUSO") is a natural

18 person and resident of the State of California, San Diego County.

19    **7.**  Upon information and belief defendant MERCHANTS CREDIT

20 ASSOCIATION  (hereinafter "MCA") is a professional consumer debt collection

21 agency, authorized to do business in California, with a corporate headquarters

22 located at 322 N. Nevada Street, Oceanside, CA 92054. Upon information and

23 belief the registered CEO/Agent is John Thomas.

24    **8.**  Defendant MCA is an entity which professionally collects debts bringing it

25 well within the ambit of the California Rosenthal Fair Debt Collection Practices Act

26 ("CFDCPA") Civil Code §1788 *et. seq.*, and also a consumer debt collector which,

27 among other activities, is a "*furnisher*"of negative consumer credit reports directly to

28 all three (3) national credit reporting agencies individually sued and so stated herein.

1    **9.**   EQUIFAX INC., (hereinafter "EI") is a national "*credit reporting agency*"

2  (*hereinafter "CRA"*) as defined by 15 U.S.C. §1681(f).

3    **10.**   TRANS UNION LLC., (hereinafter "TU") is a national "*credit reporting*

4  *agency*"(*hereinafter "CRA"*) as defined by 15 U.S.C. §1681(f).

5    **11.**   EXPERIAN INFORMATION SOLUTIONS INC.,(hereinafter "EIS") is a

6  national"*credit reporting agency*"(*hereinafter"CRA"*) as defined by 15 U.S.C.§1681(f).

7    **12.**   All three of the aforementioned CRA's hereto, will be referred to as

8  "*credit bureau defendants*" or "*credit agency defendants*" .

9    **13.**   Defendants Does 1 thru 25, are individuals and business entities, form

10  unknown, doing business in the State of California as credit reporting agencies, debt

11  collection agencies, creditors or other persons or entities which engage in consumer

12  credit or reporting negative consumer credit lines to all three (3) National CRA's.

13  # IV.  FACTUAL ALLEGATIONS

14    Plaintiff CARUSO *has no prior or present established relationship* with the

15  defendants MCA and DOES 1-25 as it pertains to *any* negative consumer debt

16  account or *any other alleged accounts in any amounts*.

17    **14.**   Plaintiff CARUSO  *has no contractual obligation to* defendants MCA

18  and DOES 1-25 *to pay them anything*.

19    **15.**   Plaintiff CARUSO *has never given* defendants MCA, and DOES 1-25

20  *express written permission* to call Plaintiff's cellular phone more than thirty five

21  (35) times, *many times more than once in the same business day*, between the dates

22  of May 2012 and today's date.

23    **16.**   Defendants MCA, and DOES 1-25 called plaintiff's cell phone numbers

24  (760) 216-0157, (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone

25  numbers (760) 722-2156 (800) 755-1107 and (425) 643-2613 more than thirty five

26  (35) times, *many of these thirty five (35) harassing consumer debt collection calls*

27  *were made in the same business day*, [i.e. one day the defendants MCA and

28  DOES 1-25 called his cell phone six (6) times in one business day]

1  clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

2      **17.**  Plaintiff CARUSO hereby moves this Ninth District honorable court to
3  take judicial notice that none of the more than thirty five (35) harassing debt
4  collection calls placed by defendants MCA and DOES 1-25 between the dates of
5  May 2012 and today's date *were made for emergency purposes,* clearly violating
6  United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the United States  (TCPA) laws.

7      **18.**  Plaintiff CARUSO further informs this honorable court that between the
8  dates of May 2012, and today's date defendants MCA, and DOES 1-25 called
9  plaintiff's cell phone called plaintiff's cell phone numbers (760) 216-0157,
10  (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (760) 722-
11  2156 (800) 755-1107 and (425) 643-2613 more than thirty five (35) times, violating
12  the TCPA's strict statutory guidelines *by using automatic telephone dialing system*
13  *capabilities or artificial or prerecorded messages or voices.*

14      **19.**  Between the dates of May 2012 and today's date defendants MCA and
15  DOES 1-25 placed calls to the plaintiff's cell phone numbers (760) 216-0157,
16  (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (760) 722-
17  2156 (800) 755-1107 and (425) 643-2613 more than thirty five (35) times
18  *asserting a right which it lacks to wit, and the right to enforce* [a consumer debt
19  allegedly owed] by plaintiff CARUSO to these same said defendants.

20      **20.**  Between the dates of May 2012 and today's date, defendants MCA and
21  DOES 1-25 called plaintiff's cell phone numbers (760) 216-0157, (760) 877-4404,
22  (760) 877-0400, (760) 888-7418 from phone numbers (760) 722-2156 (800) 755-
23  1107 and (425) 643-2613 more than thirty five (35) times *[During many of these*
24  *calls failed to identify that they were consumer debt collectors trying to collect on a*
25  *alleged negative consumer debt]* originating between the years of 2012 to the
26  present date.

27      **21.**  On numerous occasions plaintiff CARUSO has demanded in writing
28  that the above-named defendants MCA and DOES 1-25 provide plaintiff CARUSO

1  with written "verification" and consumer debt validation as defined by
2  15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and
3  Laws, as it pertained to any/all alleged consumer debt[s]. To date, all defendant's in
4  the above-entitled case have ignored all attempted communications by phone, email,
5  in writing, or otherwise,  clearly demonstrate willful and non-compliance with
6  47 U.S.C. §227(b)(1)(A), (TCPA).

7  **22**.   Defendants MCA, and DOES 1-25 by and thru their above-described
8  actions violated the strict statutory guidelines set forth in §1692d of the Fair Debt
9  Collections Practices Act (FDCPA) *by engaging in conduct the natural*
10 *consequences of which is to harass, oppress, or abuse* the plaintiff by calling his
11 cell phone on more than thirty (35) separate occasions over a three year period of
12 time from May 2012 to today's date.

13 **23**.   Many of these cell phone calls were placed  before the very early
14 morning hours of *8:00 am and after the late evening hours of 9:00 pm at night*,
15 another direct statutory violation of State and Federal Rules of Civil Procedures.

16 **24**.   Many of *these same abusive calls* were placed *multiple times on the*
17 *very same day*, all of which the plaintiff has to pay for on his monthly cellular
18 phone bills.

19 **25**.   Defendants MCA, and DOES 1-25 , *clearly violated* section §1692d(5)
20 of the Fair Debt Collection Practices Act (FDCPA) and at the *very same time*
21 violated the California Rosenthal Fair Debt Collection Practices Act Section
22 §1788.17 (CFDCPA), by calling plaintiff CARUSO on his personal cell phones on
23 more than thirty five (35) separate occasions and caused Plaintiff CARUSO's
24 cellular phones to ring repeatedly and continuously with the intent to annoy, abuse,
25 or harass him into paying alleged consumer debts allegedly owed to the defendant's.

26 **26**.   The same *consumer business debt[s]* allegedly owed to all of the
27 defendant's herein arose out of a transaction that was primarily for *personal, family,*
28 *or household purposes*.

27.   As plaintiff CARUSO *has no business debt*, this same *alleged business debt* presently sought now by defendants MCA and DOES 1-25 *could only have been used for personal, family, or household purposes*.

28.   During this same more than three year period of time the defendants MCA and DOES 1-25 totally ignored all written attempts by plaintiff CARUSO to *cease and desist* all collection activities *immediately*. *Instead,* these same defendant's *commenced an ongoing almost daily campaign over a more than three year period of time to harass, abuse and coerce plaintiff CARUSO into paying an alleged consumer debt he has never owed.*

29.   On April 26, 2016, Plaintiff CARUSO sent defendants MCA and DOES 1-25 a Notice of Intention to Commence Action by Certified Mail Receipt No # 7015 0640 0000 4511 4072 *which* to date defendants MCA and DOES 1-25 have fully ignored, and to date is *not responding to any* written communication efforts/demands made by the plaintiff.

# V.   COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227 *et seq.* AGAINST DEFENDANTS MCA and DOES 1-25

30.   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 29 herein.

31.   Defendants MCA and DOES 1-25 has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(a) by using an automatic telephone dialing system to call the plaintiff's personal cellular phone numbers which are assigned to the San Diego cellular service provider T-Mobile and listed on the *National Do Not Call List.*

**32. 47 U.S.C. §227(b)(1)(A) states in part;**
(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT-
(1) PROHIBITIONS - It shall be unlawful for aany person within the United States, or any person outside the United States if the recipient is within the United States-
(A)To make any call(other than a call made for emergency purposes or made only with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

1   **33.** Defendant MCA placed calls to Plaintiff CARUSO's cell phone number

2   no less than thirty five (35) separate times using an automatic Voice and/or ATDS

3   dialing system.

4   **34.** Plaintiff CARUSO has never given MCA *express written permission* to

5   call the plaintiff's cell phones. There has never been any established business

6   relationship between the two parties and plaintiff CARUSO is entitled to damages

7   of $500 for the first placed call and $1,500 per violation after the first initially placed

8   call pursuant to 47 U.S.C. §227(b)(3)(B) as all of those calls were *intentional*.

9   **35.** Plaintiff TUCK over the past several years has sent MBC [via certified]

10   mail numerous written disputes and demands through all three CRA's, *[including a*

11   *Notice to Commence Action]* the only answer the plaintiff received was mailed by

12   MCA on June 15, 2015 [**Please see "EXHIBIT A" attached herein**], many years

13   after plaintiff CARUSO's initial demands for certification of the alleged debt and

14   many months after the plaintiff's disputes with the three (3) CRA's.

15   **36.** Defendant MCA has continued to this day to report this negative credit

16   line on all three (3) of his nationally reported credit files, which has greatly

17   impacted plaintiff CARUSO's quality of life and ability to obtain credit, personal

18   loans, rental homes and more.

19   **WHEREFORE**, Plaintiff CARUSO demands judgement for damages against

20   defendants MCA and DOES 1-25 inclusively, for actual, statutory, and punitive

21   damages, attorney's costs and fees pursuant to 15 U.S.C. §227(b)(1)(A), together

22   with such other and further relief as this court may deem reasonable and just under

23   the circumstances.

24   ## VI.   COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT(FDCPA)
25   ## 15 U.S.C. §1692 *et seq.* AGAINST DEFENDANTS
## MCA and DOES 1-25
26

27   **37.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional

28   allegations and general factual allegations in paragraphs 1 thru 36 herein.

1  **38.**   Plaintiff is a consumer within the meaning of the (FDCPA)
2  15 U.S.C.*§1692a(3)*.

3  **39.**   Defendant Merchants Credit Association or MCA is a debt collector
4  within the meaning of 15 U.S.C. *§1692a(6)*.

5  **40.**   Defendant MCA violated the FDCPA. Defendants violations include, but
6  are not limited to, the following:

7  **a)**   Defendant MCA violated *§1692c(a)*(1) of the FDCPA by contacting
8  plaintiff at a time and place known to be inconvenient.

9  **b)**   Defendant MCA violated U.S.C. *§1692d* of the FDCPA by engaging in
10  conduct that the natural consequence of this is to harass, abuse, and oppress the plaintiff.

11  **c)**   Defendant MCA violated *§1692d(2)* of the FDCPA by using abusive
12  language in an attempt to collect an alleged debt.

13  **d)**   Defendant MCA violated *§1692d(5)* of the FDCPA when defendant
14  caused plaintiff's telephone to ring repeatedly and continuously with the intent to
15  annoy, abuse, and harass the plaintiff.

16  **e)**   Defendant MCA violated *§1692e* of the FDCPA by making false,
17  deceptive, and misleading representations in connection with the debt collection.

18  **f)**   Defendant MCA violated 15 U.S.C. *§1692e(2)* by falsely representing
19  the character, amount, or legal status of any debt.

20  **g)**   Defendant MCA violated *§1692*e(4) of the FDCPA by misrepresenting
21  that nonpayment of any debt will result in the arrest or imprisonment of any person.

22  **h)**   Defendant MCA violated *§1692e(5)* of the FDCPA threatening to take
23  any action against plaintiff that cannot legally be taken or that is not intended to be
24  taken.

25  **i)**   Defendant MCA violated 15 U.S.C. §1692e(8) by communicating or
26  threatening to communicate to any person credit information which is known or
27  which should be known to be false, including the failure to communicate that a
28  disputed debt was disputed.

**j)**    Defendant MCA violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**k)**    Defendant MCA violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

**l)**    Defendant MCA violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**m)**    Defendant MCA violated 15 U.S.C. §1692g by, within five (5) days after the initial communication with plaintiff in connection with the collection of any debt, failing to send plaintiff a written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and a statement that, upon the consumers's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE,**  Plaintiff, RICHARD CARUSO, respectfully requests judgement be entered against defendant MERCHANTS CREDIT ASSOCIATION and Does 1-25, for the following:

**41.**    Declaratory judgement that the defendant's conduct violated the Fair

Debt Collection Practices Act,

**42.** Statutory damages of $1,000.00 for each violation pursuant to the Fair Debt Collection Practices Act 15 U.S.C. *§1692k* .

**43.** Costs and reasonable attorneys fees pursuant to the Fair Debt Collection Practices Act *15 U.S.C. §1692k.*

**44.** Any other relief that this Honorable Court deems appropriate.

## VII.   COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 *et seq.* WILLFUL OR NON-COMPLIANT BY DEFENDANTS MCA, EI, TU, EIS, AND DOES 1-25

**45.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 44 herein.

**46.** Plaintiff CARUSO is a consumer within the meaning of 15 U.S.C. §1681a(c).

**47.** Debt Collector MCA is a furnisher of information within the meaning of FCRA 15 U.S.C. §1681s-2b.

**48.** Debt collector MCA willfully violated the FCRA. Defendant's MCA's violations include, but are not limited to, the following:

(a) Debt collector MCA willfully violated 15 U.S.C. §1681b(f) by obtaining plaintiff's consumer credit files without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, plaintiff CARUSO demands judgement for damages in the amount of $1,000.00 against debt collector MCA for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## XIII.   COUNT IV
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT Civil Code §1785 *et seq.* BY DEFENDANTS MCA, EI, TU, EIS AND DOES 1-25

**49.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 48 herein.

50. Within the past two (2) years prior to the filing of the complaint in this action, defendant's MCA a professional debt collector who conducts business in California, EQUIFAX (a "CRA") ,TU, (a "CRA") EIS (a "CRA") and DOES 1-25, willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least one or more the following ways:

a.   By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff CARUSO, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b.   By willfully and negligently furnishing to credit reporting agencies information about the plaintiff which defendant's , MCA, a professional California consumer debt collector, EQUIFAX (a "CRA") TU, (a "CRA") EIS (a "CRA") and DOES 1-25, knew, or should have known, was incomplete, inaccurate and/or unverifiable;

c.   By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in plaintiff CARUSO's consumer credit file after conducting an investigation;

d.   By willfully and negligently failing to conduct an adequate investigation of plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to defendant's, MCA, a professional California debt collector, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and Does 1-25,

e.   By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct and incorrect, incomplete or inaccurate credit reporting.

51. Each of the defendant's , MCA a professional California debt collector, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and Does 1-25, willfully and negligently failed in their obligations to reinvestigate and correct the derogatory

marks in plaintiff's consumer credit reports. Plaintiff CARUSO hereby alleges that each of the defendant's, MCA, a professional California debt collector, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and Does 1-25, inclusive "in concert" policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each defendant knows of the effect's of their conclusive policies and practices.

52.   As a proximate result of the willful and negligent actions of the defendant MCA, a professional California debt collector, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and Does 1-25, inclusively, and each of them, plaintiff CARUSO has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for many years of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful statutory violations of the California Consumer Credit Reporting Agencies Act Civ Code §1785 *et seq.*

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against all said mentioned herein in the amount of $1.000.00, for actual, statutory, and punitive damages, attorney's costs and fees pursuant to California Civil Code §1785 *et seq.*, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# VIIII.   COUNT V
## VIOLATION OF CALIFORNIA ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.*
### BY DEFENDANTS MCA and Does 1-25

53.Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 52 herein.

54.   Plaintiff CARUSO is a consumer within the meaning of 15 U.S.C. §1692 *et seq.*

55.   Defendant MCA is seeking to collect a consumer debt from Plaintiff CARUSO as defined by California Civil Procedure §1788(f).

56.   The account in question is a consumer credit transaction as defined by California Civil Procedure §1788(e) as Plaintiff CARUSO has allegedly received property, services or money from the defendant MCA or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

57.   Defendant MCA violated §1788.11(d) of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff CARUSO's personal cellular phone repeatedly and continuously so as to annoy Plaintiff CARUSO.

58.   Defendant MCA violated §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to Plaintiff CARUSO's personal cellular phone with such frequency as to be unreasonable and to constitute a direct intentional barrage of harassment towards Plaintiff CARUSO's under the circumstances.

59.   Defendant MCA violated Section §1788.17 of the California Fair Debt Collection Practices Act (CFDCPA) by continuously failing to comply with the statutory regulations contained with the (FDCPA) 15 U.S.C.§1692 *et seq.*

    I.   Defendant MCA violated §1692d of the Fair Debt Collection Practices Act (FDCPA) by engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff CARUSO.

    ii.   Defendant MCA violated §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) by directly causing Plaintiff CARUSO's cellular telephone to ring repeatedly and continuously, <u>sometimes multiple times in the same day</u> with the intent to annoy, abuse, or harass Plaintiff CARUSO.

**WHEREFORE,** Plaintiff CARUSO demands judgement for damages against MCA for actual, statutory, and attorney's fees and costs pursuant to §1788.30(b) and costs pursuant to §1788(c).

///
///
///
///

## X.  COUNT VI
### AGAINST ALL THREE CRA'S
### FAILURE TO ESTABLISH PROPER PROCEDURES 15 U.S.C. §1681 *et seq.*
### BY DEFENDANTS EI, TU, EIS AND DOES 1-25

**60.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 59 herein.

**61.**   Defendant CRA's violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report and consumer credit files it published and maintains concerning plaintiff CARUSO.

**62.**   As a result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO suffered damages by loss of credit, denial of rental of houses and commercial buildings, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**63.**   Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling plaintiff to recover under 15 U.S.C. §1681o.

**64.**   Plaintiff CARUSO is entitled to recover attorneys fees from defendant CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE,** Plaintiff CARUSO demands judgement for damages against MCA for actual, statutory, and attorney's fees and costs pursuant to §1681n and/or §1681o in the amount of $1,000.00.

///
///
///
///

# XI.  COUNT VII
## FAILURE TO CORRECT CONSUMER BILLING ERRORS IN A TIMELY MANNER15 U.S.C. §1666 et. seq.
### AGAINST ALL DEFENDANTS MCA, EI, TU, EIS AND DOES 1-25

**65.**  Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 64 herein.

**66.**  Defendant MCA and all three CRA's violated 15 U.S.C. §1666 by totally ignoring all four (4) of plaintiff CARUSO's written certified demands for correction of all incorrect information placed there by the defendants.

**67.**  Defendant MCA and all three CRA's violated 15 U.S.C. §1666 by not providing any type of investigation or re-investigation of any type and negated to perform such required duties as defined in  15 U.S.C. §1666 within the statutory time frames set out in this federal statute.

**68.**  Defendant MCA and all three CRA's violated 15 U.S.C. §1666 by not providing plaintiff CARUSO with any timely documentation or clarification to the contrary within the legal time frame laid out in this statute.

**WHEREFORE,** Plaintiff CARUSO demands judgement for damages against MCA for actual, statutory and punitive damages pursuant to §1666 et seq., in the amount of $1,000.00 per month, per credit report [*inside the applicable timeframe] [i.e. a 12 month period of time of wrongful life-changing negative credit reporting on all three (3)CRA reports would be 12x$1000x3=$36,000.00 dollars accordingly*].

# XII.  PRAYER

I, RICHARD CARUSO, the Plaintiff In Pro Se, in the above-entitled case respectfully prays for judgment as follows:

1.  For actual, general and special damages according to the proof at trial;

2.  For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

3.  For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs and expenses of suit; and

6. For such other relief as the court deems just and proper.

# XIII.  DEMAND FOR JURY TRIAL

**69.**   Plaintiff RICHARD CARUSO hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this _12th_ day of April 2016.

_Richard Caruso_,

RICHARD CARUSO, Plaintiff  In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-888-7418

# XI.   VERIFICATION
## DECLARATION OF PLAINTIFF RICHARD CARUSO

I, , RICHARD CARUSO declare as follows:

**70.**   I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**71.**   I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**72.**   I have been damaged *financially, socially* and *emotionally* since May 2012 as a direct result of defendant's MCA a professional California debt collector, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-25, inclusively, unlawful actions and conduct including more than thirty (35) calls to my cellular phones.

**73.**   I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**74.**   I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**75.**   Plaintiff CARUSO demands judgement for damages against defendant's MCA a professional California debt collector, EQUIFAX (a "CRA") TU,(a "CRA") EIS (a "CRA") and DOES 1-25, , inclusively, , for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this /2 ᵗʰ day of April 2016 By: _Richard Caruso_

RICHARD CARUSO, Plaintiff In Pro Se

Richard Caruso vs. Merchants Credit Association, et al,
United States District Court Case No.

# CERTIFICATE OF SERVICE

I, Deborah Tuck, the undersigned declare under the penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above-named defendant's the following documents:

- **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- **CONSUMER DISPUTE OF DEBT**

By placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail.

- MERCHANTS CREDIT ASSOCIATION
  322 N. Nevada Street, Oceanside, CA 92054
- EQUIFAX INC.,
  1150 Lake Hearn Drive NE, Atlanta, GA 30343
- TRANS UNION LLC.,
  555 W. Adams Street Chicago, IL 60661
- EXPERIAN INFORMATION SOLUTIONS INC.,
  475 Anton Blvd.,Costa Mesa, CA 92626

Executed on this _12th_ day of April 2016, in San Diego county, U.S.A.

By _____,
    Deborah Tuck

**MERCHANTS CREDIT ASSOCIATION**
**322 N. NEVADA ST.**
**P. O. BOX 206**
**OCEANSIDE, CA 92049**
**(760) 722-2156**

JUN 15, 2015

RICHARD CARUSO
1600 E VISTA WAY #85

VISTA CA 92084

TOTAL DUE: $2325.45          ACCOUNT NUMBER: 139832

TODAY WE CONFIRMED TO THE CREDIT REPORTING SERVICES THAT THE ACCOUNTS

ASSIGNED TO OUR AGENCY ARE STILL UNPAID.  IF YOU WILL SEND THE TOTAL

AMOUNT DUE, WE WILL NOTIFY THE CREDIT REPORTING SERVICES THAT THE

ACCOUNTS ARE PAID IN FULL.

FOR QUICKER RESOLUTES YOU CAN COME TO OUR OFFICE AND PAY IN CASH, OR

USE OVERNIGHT MAIL.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT ME AT (760) 722-2156.  WHEN

YOU CALL, PLEASE REFER TO THE ACCOUNT NUMBER ABOVE.

SINCERELY,

PERRY ALLEN

SE HABLA ESPANOL

THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY.

This is an attempt to collect a debt.  Any information
obtained will be used for that purpose.

EXHIBIT "A"
ORIGINAL COURT COPY