# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARUSO,<br><br>                    Plaintiff,<br><br>v.<br><br>MERCHANTS CREDIT ASSOCIATION,<br><br>                    Defendant. | Case No. 16-cv-00895-BAS(AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 27]** |

Plaintiff Richard Caruso and his mother Deborah Tuck both bring lawsuits against Merchants Credit Association ("MCA") for violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"); Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("Rosenthal Act").[1]  Caruso also brings an additional cause of action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

---

[1] MCA requests that this Court take judicial notice of the Complaint filed in this Court by Deborah Tuck in Case No. 17-cv-00626-BAS-MDD (S.D. Cal. filed March 28, 2017). Caruso does not oppose. Courts usually may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the Court may consider material properly subject to judicial notice

MCA now moves to dismiss Caruso's Complaint. (ECF No. 31.) Although Caruso ostensibly files an Opposition to this Motion (ECF No. 35), his Opposition appears to be to a different motion to dismiss, addressing issues such as consent, automatic telephone dialing systems, and the definition of a "debt collector"—none of which were raised in MCA's Motion, and failing to address any of the issues that were actually raised. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** MCA's Motion to Dismiss.

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Caruso filed his initial Complaint on April 13, 2016. (ECF No. 1.) After several requests to amend this Complaint, he eventually filed the Second Amended Complaint ("SAC") at issue. (ECF No. 30.)

Caruso alleges that MCA placed several calls to his mother Deborah Tuck's cell phone looking for Caruso who owed it a past debt. (SAC ¶ 13.) He claims these calls were made to T-Mobile number 760-840-1806, which was the "wrong emergency cell phone number" because it belonged to his mother, not him. (*Id.*) Caruso later alleges that between September 6, 2012, and September 24, 2014, MCA illegally made consumer debt collection calls to two of Caruso's "emergency San Diego area T-Mobile cell phones," numbers 760-216-0157 and 760-877-4404, using a prerecorded message. (*Id.* ¶¶ 21-22.)

Finally, Caruso claims that MCA, a furnisher of information to credit reporting agencies ("CRAs"), furnished inaccurate information to the CRAs. (SAC ¶¶ 46-49.) He alleges that (i) in or about December 2015, he contacted MCA, disputing in writing "the unknown negative credit account(s) being reported by . . . MCA," and

---

without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Under Federal Rule of Evidence 201, the Court may take judicial notice of facts not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The fact that a complaint has been filed in this Court is such a fact. Hence, the Court **GRANTS** MCA's Request.

(ii) MCA failed to answer him back "with appropriate proof of investigation and verification of the information in dispute and totally failed to take corrective action." (*Id.* ¶¶ 46, 49.)

## II. LEGAL STANDARDS

### A. Standing

Federal courts are limited to hearing "actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Failure to allege an actual case or controversy subjects a plaintiff's action to dismissal for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [standing]." *Spokeo*, 136 S. Ct. at 1547.

### B. Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

III. ANALYSIS

    A. **Standing Under the TCPA**

MCA moves to dismiss for lack of standing pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (ECF No. 31). MCA argues that Caruso lacks standing to claim injury from calls to his mother's cell phone. The Court agrees.

---

[2] Although MCA brings the Motion under Rule 12(b)(6) instead of the more appropriate 12(b)(1), a Court may always consider a lack of subject matter jurisdiction, even on its own motion, at any time during the pendency of the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

"To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Thus, in *Romero v. Department Stores National Bank*, 199 F. Supp. 3d 1256, 1262 (S.D. Cal. 2016), the district court pointed out that "[a] plaintiff cannot have suffered an injury in fact as a result of a phone call she did not know was made" and did not answer.

Further, although unwanted telephone calls can create an actual, albeit intangible, injury sufficient to constitute standing, unwanted telephone calls to a relative—even a mother—do not. *See Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1225 (S.D. Cal. 2014) (concluding only a subscriber or user of the telephone number called has standing to sue for violations of the TCPA). Caruso does not allege that he suffered any disruption or annoying invasion of privacy from calls made to what he claims was the wrong number and not his. He does not claim he answered these calls. His mother, on the other hand, may have a cause of action for these telephone calls, and, in fact, she has sued for these alleged violations of the TCPA in Case No. 17-cv-00626-BAS-MDD.

Hence, to the extent Caruso is alleging a violation of the TCPA for calls to his mother's cell phone (#760-840-1806), the Court **GRANTS** MCA's Motion to Dismiss for lack of standing. However, this does not end the inquiry. Caruso also alleges that calls were made to his cell phones (#760-216-0157 and #760-877-4404) using a prerecorded message. (SAC ¶¶ 21-22.) Although MCA suggests these allegations may be spurious, at this stage of the proceedings, the Court must assume the allegations in the Complaint are true. Thus to the extent Caruso is alleging calls were made to one of his cell phone numbers and not his mother's, the Motion to Dismiss is **DENIED**.

//

//

### B. Statute of Limitations

MCA moves to dismiss both the second cause of action for a violation of the FDCPA and the fourth cause of action for a violation of the Rosenthal Act, claiming they are barred by the statute of limitations. An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations for bringing a claim under the Rosenthal Act is similarly one year. Cal. Civ. Code § 1788.30.

Caruso alleges the last call he received was on September 24, 2014 (SAC ¶ 21), and this case was filed on April 13, 2016 (ECF No. 1). There are no allegations indicating any reason for tolling the statute of limitations, hence the Motion to Dismiss the second and fourth causes of action is **GRANTED**.

### C. FCRA

MCA moves to dismiss the third cause of action for a violation of the FCRA, claiming Caruso makes insufficient allegations to establish a private right of action under this Act. The Court agrees.

Under the FCRA, a furnisher of credit reporting information: (1) cannot furnish information to a credit reporting agency ("CRA") that is inaccurate, (2) must correct and update information provided to CRAs to make sure it is complete and accurate, and (3) must notify the CRA if the consumer disputes the information. 15 U.S.C. § 1681s-2. However, a private right of action is only available for a violation of the last requirement. *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1230 (C.D. Cal. 2007) (concluding no private right of action may be brought against furnishers of information to CRAs for reporting inaccurate information, only for a failure to notify the CRAs that the information is disputed).

Caruso alleges he notified MCA that he disputed the information being reported to the CRAs and that MCA failed to answer back "with appropriate proof of

investigation and verification of the information in the dispute and totally failed to take correction action." (SAC ¶ 49.) Notably absent from these allegations is any claim that MCA did not notify the CRAs that Caruso was disputing the information being reported. Because Caruso fails to allege sufficient facts warranting a private cause of action under the FCRA, the Motion to Dismiss the third cause of action is **GRANTED**.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 31) is **GRANTED IN PART** and **DENIED IN PART**. The Court dismisses Count One only to the extent it alleges telephone calls to Caruso's mother's cell phone. The Court dismisses Counts Two through Four in their entirety. All dismissals are without prejudice. If Caruso wishes to file a Third Amended Complaint, he must do so by **August 1, 2017**. He is cautioned, however, that any Amended Complaint may not add any new causes of action or parties and must address the deficiencies noted by the Court in this Order.

**IT IS SO ORDERED.**

DATED: July 11, 2017

Hon. Cynthia Bashant
United States District Judge